# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LOOPS, LLC, and LOOPS FLEXBRUSH LLC, <br><br> Plaintiffs, <br><br> v. <br><br> AMERCARE PRODUCTS, INC., *et al.*, <br><br> Defendants. | CASE NO. C08-1064RSM <br><br> ORDER DENYING IN PART DEFENDANTS' MOTION TO DISMISS, CLARIFY AND STRIKE PURSUANT TO FRCP 12 |

## **I. INTRODUCTION**

This matter comes before the Court on Defendants' Motion to Dismiss, Strike, and Clarify pursuant to FRCP 12. (Dkt. #27). Defendants raise a myriad of arguments, seeking dismissal of certain individuals and claims based on corporate, patent, trademark, and Washington state common law. Defendants also claim that several portions of Plaintiffs' complaint are either impertinent or unclear. Therefore Defendants argue that these portions should be stricken or made more definitive. Plaintiffs respond that Defendants misconstrue several aspects of the law, and that many of Defendants' arguments are premature. Notably, Plaintiffs do not oppose a specific argument brought by Defendants to strike certain words from a paragraph of Plaintiffs' complaint.

For the reasons set forth below, the Court agrees with Plaintiffs, and DENIES IN PART Defendants' motion.

MEMORANDUM ORDER
PAGE - 1

## II. DISCUSSION

### A. Background

On July 11, 2008, Plaintiffs Loops, LLC and Loops Flexbrush LLC (collectively "Plaintiffs") brought the instant lawsuit against several Defendants, including two corporations, two individual shareholders of those corporations, and several unnamed defendants which Plaintiffs indicate will be identified once ascertained.[1] Plaintiffs allege, among other things, that Defendants violated various patent and trademark laws when they sold flexible toothbrushes, that Plaintiffs claim they had a patent for, to a correctional facility in New York. The complaint further alleges that Defendants violated the Washington Consumer Protection Act as codified by RCW 19.86.020, and that Defendants engaged in fraud and unfair competition under Washington state common law. Prior to responding to Defendants' complaint, Defendants brought the instant motion to dismiss, clarify, and strike pursuant to FRCP 12.

Significantly, the Court precluded Defendants from replying to Plaintiffs' responsive brief via Minute Order. (Dkt. #39). Defendants had originally filed a motion for extension of time to reply to Plaintiffs' response, unfortunately on incorrect grounds. Defendants specifically claimed that Plaintiffs did not timely file their responsive brief, but the record clearly showed otherwise. Furthermore, the date that Defendants moved for an extension of time was the date their reply brief was due. Therefore, having failed to file a reply brief, the only relevant pleadings before the Court other than the complaint are Defendants' motion and Plaintiffs' responsive brief, and the declarations and exhibits in support thereof.

### B. Motion to Dismiss

Under FRCP 12(b)(6), the Court must dismiss a complaint if a plaintiff can prove no set of facts to support a claim which would entitle him to relief. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). In deciding a motion to dismiss, the Court accepts as true all material

---

[1] Neither party provided the Court with a restatement of the facts. Accordingly, the Court only briefly summarizes the relevant facts here.

MEMORANDUM ORDER
PAGE - 2

allegations in the complaint and construes them in the light most favorable to the plaintiff. *See Newman v. Sathyavaglswaran*, 287 F.3d 786, 788 (9th Cir. 2002); *Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998). However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss. *Associated Gen. Contractors*, 159 F.3d at 1181. In short, a plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). When a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

Here, Defendants seek the dismissal of two named defendants, Jeffrey Hemming ("Mr. Hemming") and Wendy Hemming ("Ms. Hemming"). Defendants also seek dismissal of: (1) any damages related to Defendants' alleged infringement of Plaintiffs' flexible toothbrushes from the period of February 26, 2008 through June 8, 2008; (2) Plaintiffs' fraud claim; (3) Plaintiffs' willful infringement, exceptional case, and attorneys' fees claims; and (4) Plaintiffs' trade dress infringement claim. The Court addresses each argument in turn.

### 1. Plaintiffs' claims against Mr. and Ms. Hemming

Defendants indicate that Mr. and Ms. Hemming should be dismissed because they are shareholders of their corporate employers, Defendant Phoenix Trading, Inc. dba Amercare ("Amercare") and Defendant H&L Industrial ("H&L"). Furthermore, they argue that Plaintiffs' allegations focus on the conduct of the corporate defendants, and therefore Mr. and Ms. Hemming are shielded from any individual liability because Plaintiffs fail to allege a basis to disregard the corporate entities.

The Court recognizes that as a general rule, a corporation is considered an entity separate and distinct from its officers or shareholders. *Truckweld Equipment Co., Inc. v. Olson*, 26 Wash.App. 638, 644, 618 P.2d 1017 (1980). However, "the court will disregard the corporate form when its recognition would aid in perpetuating a fraud or result in a manifest injustice." *Id*. Moreover, it is well-established that "[a]n officer of a corporation . . . is liable

for a tort committed in the course and within the scope of his official duties to the corporation the same as any other agent or servant is liable for his torts." *Johnson v. Harrigan-Peach Land Development Co.*, 79 Wash. 2d 745, 753, 489 P.2d 293 (1971) (citations omitted). Indeed, "[i]f a corporate officer participates in wrongful conduct or with knowledge approves of the conduct, *then the officer, as well as the corporation, is liable for the penalties.*" *Grayson v. Nordic Const. Co., Inc.*, 92 Wash. 2d 548, 554, 599 P.2d 1271 (1979) (citations omitted) (emphasis added). "Corporate officers cannot use the corporate form to shield themselves from individual liability." *State v. Ralph Williams' North West Chrysler Plymouth, Inc.*, 87 Wash. 2d 298, 322, 553 P.2d 423 (1976).

Here, the allegations raised in Plaintiffs' complaint clearly allege that Mr. and Ms. Hemming, as shareholders of Amercare and H&L, are personally liable for their tortious conduct toward Plaintiffs. For example, Plaintiffs allege that Ms. Hemming, as president of Defendant Phoenix, specifically made "representations concerning the need for samples of Loops Flexbrush toothbrushes [that] were false" and that Ms. Hemming intended "to manufacture counterfeit toothbrushes in China to unfairly compete with Plaintiffs." (Pls.' Compl., ¶¶ 5 and 112). The complaint also alleges, among other things, that Ms. Hemming's conduct was in violation of the Washington Consumer Protection Act ("CPA") as codified by RCW § 19.86.020. (*Id.*, ¶ 103). Furthermore, the complaint indicates that Mr. Hemming, as vice-president, secretary, and director of Phoenix, also participated in the misrepresentations to the detriment of Plaintiffs in violation of the Washington CPA. (*Id.*, ¶¶ 6 and 103). Under such circumstances, it is unequivocally clear that Plaintiffs have set forth allegations that, if true, would establish the personal liability of Mr. and Ms. Hemming. Dismissing either individual at this early stage of the proceedings would be premature.

**2. Damages related to Defendants' alleged infringement from February 26, 2008 through June 8, 2008**

Pursuant to 35 U.S.C. § 287(a), a party alleging infringement can only recover damages if the infringing party had notice of the patent. The statute specifically provides:

> Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United

MEMORANDUM ORDER
PAGE - 4

> States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. *In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement*, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

35 U.S.C. § 287(a) (emphasis added).

Based on this language, Defendants argue that Plaintiffs cannot recover damages for any alleged infringement between February 28, 2008 - the date that the United States Patent & Trademark Office granted Plaintiffs a patent for their flexible toothbrushes - and June 8, 2008 - the date that Plaintiffs provided actual notice of Plaintiffs' patent to Defendants. Plaintiffs respond that Defendants' arguments should be rejected because: (1) they have complied with the liberal pleading requirements of FRCP 8(a)(2); (2) whether Defendants had notice of Plaintiffs' patent is a question of fact; and (3) Plaintiffs are entitled to recover damages for pre-patent issuance acts pursuant to 35 U.S.C. § 154(d).

Irrespective of Plaintiffs' first or third arguments, the Court agrees with Plaintiffs' second argument that the issue of notice is a question of fact that precludes the Court from denying Plaintiffs damages during the time period at-issue. "Section 287(a) requires a party asserting infringement to provide either constructive notice (through marking) or actual notice in order to avail itself of damages." *American Medical Sys. Inc., v. Medical Eng'g Corp.*, 6 F.3d 1523, 1537, n.18 (Fed. Ci. 1993). Furthermore, "[i]n determining whether the patentee marked its products sufficiently to comply with constructive notice requirement, the focus is not on what infringer actually knew, *but on whether patentee's actions were sufficient*, in the circumstances, to provide notice[.]" *Halliburton Services v. Smith Intern. Inc.*, 317 F. Supp. 2d 719, 723 (E.D. Tex. 2004) (citation omitted) (emphasis added). Here, once Plaintiffs' patent was accepted by the United States Patent & Trademark Office on February 28, 2008, discovery may provide that Defendants had constructive notice of Plaintiffs' patent. As such, Plaintiffs may be entitled to damages after this date, and therefore Defendants' motion is denied.

Relatedly, the Court finds it worthwhile to address Plaintiffs' argument that Defendants

may have had constructive notice of Plaintiffs' patent prior to February 28, 2008. Plaintiffs specifically indicate that they sent Defendants toothbrushes since early 2007 with the words "Patents Pending" on the original product packaging. Plaintiffs contend that this conduct provides sufficient notice for purposes of 35 U.S.C. § 287(a). However, the Federal Circuit has made clear that:

> A "patent pending" notice gives one no knowledge whatsoever. It is not even a guarantee that an application has been filed. Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable.

*State Industries, Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1235 (Fed. Cir. 1985).

The Court acknowledges, however, that the *State Industries* case was determining whether the infringing party's conduct was willful, and not specifically discussing constructive notice for purposes of 35 U.S.C. § 287(a). Nevertheless, the Court notes that it is overly presumptuous of Plaintiffs to suggest that the words "Patents Pending" provide sufficient notice under 35 U.S.C. § 287(a).

### 3. Fraud

Defendants claim that Plaintiffs' fraud allegations are insufficient to state a claim for fraud under Washington law because Plaintiffs only aver that Defendants "intended" to defraud Plaintiffs. Furthermore, Defendants cite to a Washington case that indicates that "[t]o prevail on a claim of fraud, the plaintiff must prove with clear, cogent, and convincing evidence that the defendant made a material misrepresentation of *existing* fact." *Pace-Knapp v. Pelascini*, 2008 WL 699279, *4 (Wash.App. Div. 1) (emphasis in original) (*citing Pederson v. Bibioff*, 64 Wash. App. 710, 723, n.10, 828 P.2d 1113 (1992)). While the Court agrees with Defendants that this is the relevant law on fraud in Washington state, the Court certainly does not follow Defendants' line of reasoning given the plain-language of Plaintiffs' complaint.

Plaintiffs clearly allege that Ms. Hemming, in her capacity as director of Phoenix, made material misrepresentations of *existing* fact. For example, Plaintiffs' complaint suggests that Ms. Hemming's "representations concerning the need for samples of Loops Flexbrush toothbrushes were false, as the true reason for the need for samples of Loops Flexbrush

MEMORANDUM ORDER
PAGE - 6

toothbrushes was [Ms. Hemming's] intent to manufacture counterfeit toothbrushes in China to unfairly compete with Plaintiffs." (Pls.' Compl., ¶ 112). This is clearly an allegation that Defendants made a material misrepresentation to Plaintiffs at the time the statement was made. Therefore Plaintiffs have sufficiently pled a claim for fraud, and have provided Defendants with notice of such a claim. Defendants' arguments to the contrary are flatly rejected.

### 4. Willful infringement, exceptional case, and attorneys' fees

Defendants also argue that any allegations that they engaged in willful infringement, or that this case is an "exceptional case" that justifies attorneys' fees should be dismissed. In support of this argument, Defendants cite to *In re Seagate Technologies, LLC*, which suggests that "[t]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." 497 F.2d 1360, 1371 (Fed. Cir. 2007). Furthermore, Defendants claim that "[e]ven though an accused infringer may know of the plaintiff's patent application, this knowledge alone is not enough to demonstrate willfulness." (Dkt. #27 at 8-9).[2]

With respect to whether this case is an "exceptional case" that justifies attorneys' fees, Defendants suggest that "courts have typically found cases to be exceptional where a party has engaged in bad faith litigation or inequitable conduct in the course of patent proceedings." (Dkt. #27 at 10) (*citing Knorr-Bremse Systeme Fuer Nutzfahrzeuge GmbH v. Dana Corp.*, 372 F. Supp. 2d 833, 848 (E.D.Va. 2005)). Based on this language, Defendants presumptively state that Plaintiffs have not made a showing that this case is an "exceptional case."

---

[2] Defendants cite *Trading Technologies Int'l, Inc. v. eSpeed, Inc.*, an unpublished district court case from Illinois in support of this assertion. However, as they do repeatedly in their motion, Defendants fail to provide a pinpoint citation for the rule of law which they stand upon. In addition, Defendants simply cite to the case number for this particular case, rather than providing the specific slip copy citation. This error is particularly pronounced because *Trading Technologies* has at least ten different orders in the year 2008 alone. Moreover, the Court will not engage in a fishing expedition to find the relevant rule of law that supports a party's assertion. The Court expects Defendants to properly cite cases as this litigation progresses.

MEMORANDUM ORDER
PAGE - 7

However, as Plaintiffs suggest, it is premature at this stage of the proceedings to conclusively find that Defendants' actions did not constitute willful infringement. It is equally premature to hold that Defendants' are engaging in any bad faith litigation or inequitable conduct. As mentioned above, no discovery has commenced, and the Court's mandate at this stage of the proceedings is to assume that all allegations in a plaintiff's complaint are true. *See Bell*, 127 S.Ct. at 1965; *see also Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (finding that a well-pleaded complaint may proceed even if it appears "that recovery is very remote and unlikely"). Moreover, the complaint suggests that Defendants are continuing to infringe upon Plaintiffs' patent by selling and offering for sale the toothbrushes at-issue to multiple correctional facilities nationwide even after February 28, 2008. (Pls.' Compl., ¶¶ 73, 85, 86). Therefore Plaintiffs suggest that Defendants' infringement was willful because they continued selling Plaintiffs' toothbrushes after the date the patent issued. In addition, Plaintiffs' complaint clearly alleges that Defendants acted inequitably, as indicated in their fraud allegations described above. Plaintiffs have therefore met their minimal requirement at this stage of the proceedings and Defendants' motion is denied.

### 5. Trade dress infringement

Defendants also seek dismissal of Plaintiffs' trade dress infringement claims based on the fact that Plaintiffs' complaint establishes that the toothbrushes at-issue do not survive the functionality test under the Lanham Act. Importantly, the Lanham Act makes "actionable the deceptive and misleading use of marks" and to "protect persons engaged in . . . commerce against unfair competition." 15 U.S.C. § 1127. To this end, the Lanham Act protects against both trademark and trade dress infringement. *See Kendall-Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1046 (9th Cir. 1998). To make a claim for either trademark or trade dress infringement, a plaintiff must meet three basic elements: (1) distinctiveness; (2) non-functionality; and (3) likelihood of confusion. *Id.*

An affirmative defense to a trademark or trade dress infringement claim is that the plaintiff's mark is functional. *See* 15 U.S.C. § 1115(b)(8). In other words, "[t]rademark or trade dress protection extends only to product features that are nonfunctional. A product

feature is functional 'if it is essential to the use or purpose of the article or if it affects the cost or quality of the article, that is, if exclusive use of the feature would put competitors at a significant non-reputation-related disadvantage.'" *Disc Golf Ass'n, Inc. v. Champion Discs, Inc.*, 158 F.3d 1002, 1006 (9th Cir. 1998) (*citing Qualitex Co. v. Jacobsen Prods. Co.*, 514 U.S. 159, 165 (1995)). As indicated by the Supreme Court in *Qualitex*, the policy behind such a rule is clear:

> The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature. It is the province of patent law, not trademark law, to encourage invention by granting inventors a monopoly over new product designs or functions for a limited time . . . after which competitors are free to use the innovation. If a product's functional features could be used as trademarks, however, a monopoly over such features could be obtained without regard to whether they qualify as patents and could be extended forever (because trademarks may be renewed in perpetuity).

*Id*. at 164-65.

Furthermore, to determine whether a product is functional, the Ninth Circuit has indicated that a court should consider the following factors: (1) whether the design yields a utilitarian advantage; (2) whether alternative designs are available; (3) whether advertising touts the utilitarian advantages of the design; and (4) whether the particular design results from a comparatively simple or inexpensive method of manufacture. *Disc Golf*, 158 F.3d at 1006 (citations omitted).

In the case at bar, Defendants fail to establish why Plaintiffs' trademark or trade dress claims should be dismissed under the functionality test. As Plaintiffs point out, Defendants do not indicate the relevant factors for the Court to consider. Instead, Defendants only conclusively allege that Plaintiffs' complaint fails to set forth a proper trade dress infringement claim after restating lengthy portions of Plaintiffs' patent onto two pages of their motion to dismiss. (*See* Dkt. #27 at 12-13). However, as described above, the inquiry into whether a party has properly pled a trade dress infringement claim is heavily fact-intensive. Likewise, whether a product is functional is equally fact-intensive. Indeed, both inquiries have multiple factors for the court to consider. The contours of trademark law, like patent law, are anything but black-and-white. Under such circumstances, and similar to Defendants' other claims

MEMORANDUM ORDER
PAGE - 9

1  seeking dismissal, it would be premature for the Court to dismiss Plaintiffs' trade dress
2  infringement claim at this stage of the proceedings. Defendants' motion to dismiss this claim is
3  denied.

### C. Motion for a More Definite Statement

FRCP 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." *Id*. "Motions for a more definite statement are viewed with disfavor, and are rarely granted." *Margarita Cellars v. Pacific Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). This district court has recognized that "Rule 12(e) motions attack the intelligibility of the complaint, not the lack of detail, and are properly denied where the complaint notifies the defendant of the substance of the claims asserted." *Presidio Group, LLC v. GMAC Mortg., LLC*, 2008 WL 3992765, *1 (W.D. Wash. Aug. 25, 2008) (citations omitted). Thus, in evaluating a motion under FRCP 12(e), the proper test is to determine "whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings." *Federal Sav. and Loan Ins. Corp. v. Musacchio*, 695 F. Supp. 1053, 1060 (N.D. Cal. 1988).

Based on these rules, Defendants seek to clarify three paragraphs of Plaintiffs' complaint: (1) paragraph 43 which discusses "other trademarks"; (2) paragraph 76 which discusses damages under 35 U.S.C. § 284; and (3) paragraph 93 which claims that Plaintiffs have been harmed in "other ways." With respect to Defendants' first argument, Plaintiffs do not oppose striking the words "and other trademarks" from paragraph 43 of their complaint. Therefore Defendants' motion to clarify this paragraph is now moot, and the words "and other trademarks" shall be stricken.

With respect to Defendants' contention that paragraph 76 should also be clarified, the Court finds no justification for such a request. The paragraph explicitly alleges that Plaintiffs are claiming that they are "entitled to recover damages as provided by 35 U.S.C. § 284 and reasonable attorneys' fees as provided by 35 U.S.C. § 285." (Pls.' Compl., ¶ 76). The paragraph is also embedded in Plaintiffs' first claim for relief for patent infringement. This claim

MEMORANDUM ORDER
PAGE - 10

incorporates and re-alleges most of the facts included in Plaintiffs' complaint. As a result, Plaintiffs have clearly placed Defendants on notice regarding the substance of their claims, and Defendants also have a sufficient basis to frame their responsive pleadings To the extent that Defendants allege that they are unsure whether Plaintiffs are alleging damages beyond the period between February 28, 2008 and June 8, 2008, such an argument ignores the plain-language of Plaintiffs' complaint. Plaintiffs never suggest that they are somehow limiting their relief for damages to a certain time period, nor do they preclude the recovery of damages in any way. In fact, the complaint lays out in great detail when Defendants began their allegedly illegal conduct, and therefore provides more than sufficient notice of when their damages began occurring. In any event, Plaintiffs clearly indicate in their response that Defendants may assume that the period of claimed damages will be outside of the time period of February 26, 2008 through June 8, 2008. Therefore Defendants' arguments are rejected, and their motion to clarify paragraph 76 of Plaintiffs' complaint shall be denied.

Lastly, Defendants contend that paragraph 93 of Plaintiffs' complaint that suggests that Plaintiffs have been harmed in "other ways" should be clarified. They claim that they have no idea how to respond to the "other ways" in which they have been harmed. This argument seems trivial when the words "other ways" are placed in the context of paragraph 93. The paragraph provides:

> [Plaintiffs have] been harmed, among other ways, in that [their] toothbrushes were misused in that Defendants' acts have allowed Defendants to unfairly reap the advertising and promotional value that would otherwise go to Plaintiff[s]. By presenting customers with a sample of [Plaintiffs'] product, represented to be [Plaintiffs'] product or equal, and either falsely or impliedly representing that they have the authorization to sell or offer for sale the product, Defendants have misrepresented the origin of [Plaintiffs'] product, as well as the origin of its own product, resulting in harm to [Plaintiffs].

(Pls.' Compl., ¶ 93).

Additionally, like paragraph 76 described above, this paragraph is embedded in Plaintiffs' fourth claim for relief, and incorporates and re-alleges most of the facts included in Plaintiffs' complaint. Therefore it is clear that Plaintiffs have adequately stated the facts and circumstances surrounding this claim, and have given Defendants a sufficient basis for which to

MEMORANDUM ORDER
PAGE - 11

respond. Plaintiffs have detailed the circumstances known to them at this time, and no doubt include the words "other ways" to suggest that discovery may produce other examples of how Defendants have allegedly misused Plaintiffs' toothbrushes to Plaintiffs' detriment. As a result, Defendants' motion to clarify paragraph 93 shall be denied.

### D. Motion to Strike

Pursuant to FRCP 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.* One district court within the Ninth Circuit has described that:

> Redundant allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. Immaterial matter is that which has no essential or important relationship to the claim for relief . . . being pleaded. Impertinent matter consists of statements that do not pertain, are not necessary, to the issues in question. Superfluous historical allegations may be stricken.

*Cazars v. Pacific Shore Funding*, 2006 WL 149106, *2 (C.D. Cal. 2006) (internal quotations and citations omitted).

"[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that [arises] from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Moreover, if the motion has the effect of "streamlining the ultimate resolution of the action, the motion to strike will be well taken." *California v. United States*, 512 F. Supp. 36, 38 (N.D. Cal. 1981). Nevertheless, a motion to strike, like a motion for a more definitive statement under Rule 12(e), is "looked on with disfavor because of the tendency for such motions to be asserted for dilatory purposes." *Id.* (*citing* 5 Wright & Miller, Federal Practice & Procedure, Civil § 1380 at 783 (1969)).

Here, Defendants seek to strike any allegations made by Plaintiffs regarding other products manufactured by Plaintiffs, such as dental floss and toothbrush holders, as well as other "trademark phrases" which Plaintiffs assert throughout their claim. In addition, Defendants seek to strike any allegations made in the complaint that the city of New York contributed to the delay or otherwise withheld documents that Plaintiffs needed to obtain the necessary information to bring their claims. Defendants also move to strike any allegations in

MEMORANDUM ORDER
PAGE - 12

the complaint that its toothbrushes were "counterfeit and infringing" Plaintiffs' patent.

However, all of Defendants' arguments fail. As Defendants readily admit, this is indeed a complex case. Plaintiffs clearly included detailed facts at this time to provide notice to Defendants as well as meet their pleading requirements under the Federal Rules. Furthermore, all the facts that Defendants seek to strike are part of the story as to why Plaintiffs bring their claims to this Court. The Court finds that there is nothing redundant, immaterial, or impertinent about such facts. Whether or not they are true is a different matter. As a result, striking any facts or claims simply because Defendants make the naked assertion that they are impertinent or immaterial has no basis in the law. Defendants' motion to strike is denied.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Dismiss, Strike and Clarify Pursuant to FRCP 12 (Dkt. #27) is DENIED IN PART. Plaintiffs do not dispute that the words "and other trademarks" used in ¶ 43 of Plaintiffs' complaint should be stricken, and therefore Defendants' specific request to clarify this paragraph is STRICKEN AS MOOT. All other arguments are declined. Defendants are DIRECTED to file an answer to Plaintiffs' amended complaint within twenty (20) days from the date of this Order.

(2) The Clerk shall provide a copy of this Order to all counsel of record.

DATED this 13th day of November 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE