UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LOOPS LLC, a Delaware limited liability company, LOOPS FLEXBRUSH LLC, a Delaware limited liability company,

                Plaintiff,

         v.

PHOENIX TRADING, INC. dba AMERCARE PRODUCTS, INC., a Washington corporation, *et al.*,

                Defendants.

CASE NO. C08-1064 RSM

ORDER GRANTING IN PART DEFENDANTS' MOTION TO QUASH AND GRANTING CONTINUANCE OF SUMMARY JUDGMENT MOTION

      This matter comes before the Court on Defendants' "Motion to Quash or for Protective Order" (Dkt. #135). Defendants seek to quash the depositions of two H&L Industrial employees, which Defendants contend will be the eleventh and twelfth depositions taken by Plaintiff in this case, because Plaintiffs have not sought leave of the Court to take more than ten depositions as required by Rule 30(a)(2). Plaintiffs argue that these depositions will be the tenth and eleventh depositions and move the Court for leave to take the eleventh deposition. For the reasons stated below, the Court holds: (1) Plaintiffs have taken nine depositions so far; (2) even if ten have been taken, leave is granted for Plaintiffs to take the deposition of Mr. Lai, (3) leave is granted for Plaintiffs to take the deposition of Mr. Kong so long as Plaintiffs pay

ORDER
PAGE - 1

the costs, and (4) Defendant H&L Industrial's Motion for Summary Judgment is renoted to April 9, 2010.

## I. Counting Depositions

Plaintiffs to date have taken depositions of four persons associated with the New York Department of Corrections, two persons associated with Airport Brokers, Ms. Siegel, and Ms. Hemming in their individual capacities, for a total of eight depositions. Additionally, Plaintiff has taken two 30(b)(6) depositions of Amercare on two separate subject areas. The first asked for the person most knowledgeable with respect to six topics; the second asked for the person most knowledgeable with respect to a seventh topic. Amercare designated Ms. Hemming as the person most knowledgeable on all topics, for both depositions, and the depositions were taken on the same day, one in the morning and one in the afternoon. The first lasted less than three hours and the second lasted less than an hour and a half. Separate transcripts and exhibit lists were created for each. The Notice of Depositions that Plaintiffs counsel served on Defendants referred to the depositions as separate, and Plaintiffs counsel stated at the second deposition that "[w]e're here this afternoon for another 30(b)(6) deposition in this case . . . ." (Dkt. #137 at 48).

Rule 30(a)(2)(A)(i) provides that a party must seek leave of the Court to take more than ten depositions in a case. The question before the Court is whether the 30(b)(6) depositions of Ms. Hemming on the same day regarding different topics count as one deposition or two depositions for purposes of Rule 30(a)(2).

The advisory committee notes accompanying Rule 30(a)(2) state: "A deposition under Rule 30(b)(6) should, for purposes of this limit, be treated as a single deposition even though more than one person may be designated to testify." Fed. R. Civ. Proc. 30(a)(2)(A) Advisory Committee Notes (1993). While this does not squarely address the question of how to count 30(b)(6) depositions taken of the same person on different topics, it indicates that if Plaintiffs had not split up their topics of inquiry into two sets but instead simply asked for the person

ORDER
PAGE - 2

most knowledgeable with respect to all topics, that would count as one deposition regardless of how many people Amercare designated to respond.

As far as this Court is aware, no court has specifically addressed the interaction between Rule 30(b)(6) and Rule 30(a)(2)(A)(i). However, the parties have cited two district Court cases addressing the relationship between Rule 30(b)(6) and Rule 30(a)(2)(A)(ii), which provides that a party needs leave of the Court before deposing a person a second time. Those two cases come to opposite conclusions. In *Quality Aero Technology, Inc. v. Telemetrie Elektronik, GMBH*, the district court, citing the advisory notes quoted above, held that "Rule 30(b)(6) depositions are different" and allowed a party to take a second deposition of a corporate entity. 212 F.R.D. 313 (E.D.N.C. 2002).

In a more recent decision, a district court analyzed the scant case law addressing the issue, including *Quality Aero*, and came to the opposite conclusion. *State Farm Mutual Automobile Insurance Co. v. New Horizont, Inc.*, 254 F.R.D. 227, 235 (E.D. Penn. 2008). The court reasoned that the policy underlying the advisory committee notes regarding the ten deposition limit was that large corporations may have "voluminous and complex documents and may require testimony from multiple officers and custodians to provide comprehensive testimony" in response to a 30(b)(6) subpoena, and a party should not be put at a disadvantage when seeking information from such a corporation. *Id.* at 234-35. The court explained that this policy did not apply to Rule 30(a)(2)(A)(ii) forbidding a second deposition of an already-deposed party without leave of the Court. Since the movant in *State Farm* was attempting to take "serial depositions" of a single corporation and this was equally as burdensome as taking "serial depositions" of an individual, the Court held that two depositions taken at different times of the same corporation counted as two depositions for purposes of the rule barring multiple depositions of the same party.

In this case, the approach taken by the court in *Quality Aero* makes more sense; the depositions taken on the same day on different topics should count as one. Plaintiffs were not taking "serial" depositions of Amercare because the depositions were on different topics on the same day. Further, the advisory notes make clear that had Plaintiffs simply included all inquiry

topics in the same deposition notice and referred to it as one deposition, the deposition would have unquestionably counted as one. There is no reason to count the depositions as two simply because Plaintiffs divided the topics into two subgroups rather than lumping them into one. In total, the depositions took approximately four hours. The policy behind the rule – preventing parties from conducting too many burdensome depositions without leave of the Court – is not furthered by counting these same-day depositions separately. Thus Plaintiffs have taken nine depositions in this case and do not need the Court's leave to take one more.[1]

## II.  Deposition of Mr. Lai

Even if Plaintiffs had already taken ten depositions, the Court would grant leave to take the deposition of Mr. Lai. Mr. Lai appears to be the key point of contact between Amercare and H&L Industrial, the entity through which Amercare does business in China. Throughout this litigation, Plaintiffs have attempted to obtain information, especially documents, regarding the manufacture of flexible handle toothbrushes in China. Plaintiffs have been unable to obtain this information because Defendants have not produced the contracts between H&L and manufacturers, invoices from H&L to Amercare, purchase orders from Amercare to H&L, invoices for freight charges, wire transfers, and other documents. (*See* Order Granting Plaintiffs' Motion for Adverse Inference Instruction, Dkt. # 152). Thus, the deposition of Mr. Lai is necessary to fill in informational gaps created by the lack of document production.

Second, H&L Industrial is a defendant in this case. It asserts that it did not produce any of the toothbrushes at issue in this case, did not sell them, and did not import them into the United States. Plaintiffs need to depose someone at H&L to test these assertions, especially in light of the shortage of document production regarding its involvement.

Finally, even if this would be the eleventh deposition taken by Plaintiffs in this case – which it is not – the only defendants or representatives of defendants deposed in this case so far

---

[1] Defendants have also indicated that it is their understanding that expert depositions are not included in the ten limit. Thus they do not object to Plaintiffs taking the deposition of Defendants' expert on the grounds that it would exceed ten. (Dkt. #145 at 6).

ORDER
PAGE - 4

are Ms. Hemming and Ms. Siegel. The majority of the depositions taken have been of nonparties, and thus, the depositions in this case have not been overly burdensome to Defendants. No H&L representatives have been deposed.

### III. Deposition of Mr. Kong

All the same reasons for allowing the deposition of Mr. Lai also weigh in favor of granting leave to allow the deposition of Mr. Kong. However, there are several countervailing factors. First, it is undisputed that Mr. Kong's deposition would exceed the ten deposition limit. Second, Plaintiffs did not request the Court's leave prior to noticing the deposition; instead they noticed the deposition and did not request leave until filing their response brief to Defendants' motion to quash the deposition. Third, even if Plaintiffs had properly sought leave of the Court and it were granted, the deposition would have been noticed late in the discovery process near the end of the discovery period. Such short notice increases costs and causes delay because the parties need to arrange international travel.

Fourth and most importantly, it is not clear that the benefits of this deposition of a second H&L representative outweigh its high costs. Mr. Kong's testimony is not as crucial as Mr. Lai's testimony because Mr. Lai was the H&L representative who constantly communicated with Amercare. It is not clear that Mr. Kong will be able to add significantly to Mr. Lai's testimony. Additionally, Plaintiffs have already conducted substantial discovery in this case. In fact, discovery has been abundant relative to the amount in controversy. Plaintiffs claim that this deposition is necessary to fill the void created by Defendants' nonproduction of certain documents, such as invoices, purchase orders, and contracts. However, the Court has already awarded Plaintiffs an adverse inference instruction as to those documents. (*See* Dkt #152).

To the extent the purpose of Mr. Kong's deposition is to further investigate Plaintiffs' longstanding theory that more allegedly infringing flexible toothbrushes were manufactured and imported than the six hundred thousand or so that Defendants admit, this is merely a fishing expedition. Despite sizeable discovery, there is no evidence that any additional

toothbrushes were ever manufactured.  Defendants' nonproduction of documents raises some suspicion and may justify the taking of Mr. Lai's deposition, but the costs of the additional deposition should be borne by Plaintiffs.

For these reasons, the Court grants Plaintiffs leave to take Mr. Kong's deposition, but only if Plaintiffs bear the costs of taking that deposition.  Costs include transportation, lodging, fees for translators, and all other costs associated with the deposition, but do not include attorneys' fees or compensation for Mr. Kong's time.

### IV. Hague Evidence Convention

Defendants' argument that the Court should not allow the depositions because China is a signatory to the Hague Evidence Convention is not persuasive.  First, Defendants admit that China did not join in any of the provisions of Chapter II of the Convention, the chapter governing the taking of depositions, except Article 15.  Second, the Convention's procedures for obtaining evidence are "optional."  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the Southern Dist. of Iowa*, 482 U.S. 522, 541 (1987).  The optional Convention procedures are available whenever they will facilitate the gathering of evidence.  *Id.*  It is up to the district Court to decide whether to require those procedures in each particular case taking into account the particular facts of the case, sovereign interests, and the likelihood that Convention procedures will prove effective.  *Id.* at 544.

Defendants make no contention that Convention procedures will facilitate the gathering of evidence while protecting China's sovereign interests.  Instead, the tenor of Defendants' argument is that because China joined part of the Hague Evidence Convention, Plaintiffs should not be allowed to take the depositions of Chinese persons at all, an argument contrary to the policies behind the Convention.  Defendants do not show that the provisions of the Convention in which China joined provide any means for taking oral depositions, a matter as to which there is considerable doubt.  *See Tower Mfg. Corp. v. Shanghai Ele Mfg. Corp.*, 244 F.R.D. 125, 128 n.6 (D.R.I. 2007) (noting that "China does not recognize the right of persons to take depositions, and any effort to do so could result in the detention and/or arrest of U.S.

participants"). This Court's own research turns up no case where a district court mandated the use of Hague Evidence Convention procedures with regard to depositions of Chinese persons. Thus, the Court declines to command the use of these optional procedures.

**V. Continuance of Noting Date for H&L Industrial's Motion for Summary Judgment**

The Court may grant a continuance of a motion for summary judgment in order to "enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken." Fed. R. Civ. Proc. 56(f). A party requesting a continuance must identify the specific facts that further discovery would reveal and explain why those facts would preclude summary judgment. *Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006). Plaintiffs contend that when they obtain the deposition testimony at issue in this motion and documentary evidence from the same sources, they will be able to show that H&L Industrial was aware that the other defendants were illegally copying flexible toothbrushes for sale in the United States. The Court agrees with Plaintiffs that they should not have to defend against H&L's motion for summary judgment before having a chance to depose H&L representatives. Although the depositions were noticed late in the discovery process, this was in part the result of Defendants' nonproduction of documents.

H&L Industrial's Motion for Summary Judgment (Dkt. #141) shall be renoted for April 9, 2010.

**VI. Conclusion**

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendants' Motion to Quash (Dkt. #135) is GRANTED IN PART as described above.

(2) Plaintiffs Motion to Continue (Dkt. #147) is GRANTED.

(3) The Clerk shall renote Defendant H&L Industrial's Motion for Summary Judgment (Dkt. #141) to April 9, 2010.

ORDER
PAGE - 7

(4) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 4th day of March, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE